REQUESTED BY: Senator Vard Johnson Nebraska State Legislature Room 2108 State Capitol Lincoln, Nebraska 68509
Dear Senator Johnson:
We are responding to your letter in which you request an opinion about whether LB 170 as amended is in violation of Article III, Section 18 of the Nebraska Constitution prohibiting special legislation regarding the protection of game and fish. You specifically ask: `Is it constitutionally permissible for the Legislature to establish a different permit system for the hunting of game which distinguishes landowners from non-landowners?'
The Nebraska Constitution, Article III, Section 18
reads in pertinent part: `The Legislature shall not pass local or special laws in any of the following cases, that is to say: . . . The protection of game or fish.' The Nebraska Supreme Court in interpreting this section has stated:
 The applicable principles which must guide us are: `The Legislature may classify the subjects, persons, or objects as to which it legislates if such classification rests upon differences in situations or circumstances between things dealt with in one class and those dealt with in another.
 The power of classification rests with the Legislature and it will not be interfered with by the courts if real and substantial differences exist which afford a rational basis for classification.' Fougeron v. County of Seward 174 Neb. 753, 119 N.W.2d 298 (1963).
State ex rel. Douglas v. Gradwohl, 194 Neb. 745,235 N.W.2d 854, 858 (1975). In Fougeron vs. County of Seward,supra, the Court stated: `The act is not special if it operates uniformly upon a classification reasonably made.'Id. at 119 N.W.2d 302.
Legislative Bill 170 at Final Reading authorizes limited permits to farmers and ranchers for hunting antelope, deer or wild turkey upon land which they own or lease if they reside upon such land. It further exempts them from payment of the fee for habitat stamp as required by Neb.Rev.Stat. § 37-216.01, and amends Neb.Rev.Stat. § 37-201
exempting any bona fide farmer or rancher from permit requirements for hunting upland game on land which they own or lease.
It is undisputed that wildlife in Nebraska, whether upland game or turkey, deer or antelope, occur on private lands and are supported by the woodlands, brush, and agricultural products which are grown upon that land. The farmer and rancher whose private property and agricultural products support these creatures, contributes to the propagation and well being of the wildlife. This contribution is distinct from any contribution which a non-landowner makes to the wildlife of this State, and is therefore a rational basis for a classification of hunters. It appears to us that this is a classification resting upon `differences in situations or circumstances' which are `real and substantial differences . . . which afford a rational basis for classification.' The classifications are open, do not create a closed class of persons, and operates uniformly upon the classifications. It is our conclusion, that LB 170 by distinguishing between landowning and non-landowning hunters, does not violate Article III, Section 18, of the Nebraska Constitution.
However, the Act divides the class of landowning hunters into two subclassifications: resident and nonresident landowners. We discern no factual or rational basis for making such a distinction. An Act must operate uniformly upon the legislatively created classification. Fougeron v.County of Seward, supra. We therefore question whether the restrictions of this Act to residential landowners only could sustain a constitutional challenge pursuant to ArticleIII, Section 18, of the Nebraska Constitution.
Very truly yours, PAUL L. DOUGLAS Attorney General G. Roderic Anderson Assistant Attorney General